UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 6: 07-102-DCR |
| | ) | Civil Action No. 6: 09-7086-DCR |
| V. | ) | |
| | ) | |
| CECIL SIZEMORE, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Petitioner. | ) | |

*** *** *** ***

This matter is pending for consideration of Petitioner Cecil Sizemore's motion to vacate, set aside, or correct his sentence in accordance with 28 U.S.C. § 2255. [Record No. 33] For the reasons outlined herein, this motion will be denied.

**I.**

Sizemore was indicted on November 2, 2007, and charged with three counts of distribution of controlled substances in violation of 21 U.S.C. § 841(a)(1) and two counts of possessing a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). [Record No. 1; Indictment] Thereafter, a Notice of Penalty Enhancement was filed pursuant to 21 U.S.C. § 851, indicating that the United States would rely upon two state convictions in support of an enhanced sentence in the event of Sizemore's conviction. The cases cited in the United States notice included an alleged conviction for trafficking in a controlled substance, second degree (Clay Circuit Court No. 05-CR-00010), and cultivating marijuana (Clay Circuit Court No. 90-CR-00051). [*See* Record No. 18; Notice of Penalty Enhancement]

Shortly after the United States filed its § 851 Notice, Sizemore requested leave to be rearraigned for the purpose of entering a guilty plea to one drug and one firearm charge (Counts 1 and 4). [Record No. 19; Motion for Rearraignment][1] The motion was granted and Sizemore was rearraigned on Counts 1 and 4 on March 17, 2008. The written Plea Agreement tendered to the Court at the time of rearraignment contained a number of standard provisions, including: identification of the elements of the counts of conviction (¶ 2); a statement of facts supporting the guilty plea to which the Petitioner admitted (¶ 3); a statement of the statutory penalties (¶ 4); waiver of the right to file motions under the guidelines for a mitigating role in the offense or for departure under Chapter 5, parts H or K, of the United States Sentencing Guidelines (USSG) (¶ 7); waiver of the right to appeal and collaterally attack his guilty plea and conviction; an acknowledgment that Sizemore understood the Plea Agreement, that his attorney had fully explained it to him, and that his entry into the agreement was voluntary (¶ 16).

While Sizemore acknowledged that he had a prior conviction for trafficking in a controlled substance which could be used to enhance his sentence, he reserved the right to argue that his civil rights had been restored following his conviction for cultivating marijuana. More specifically, paragraph 8 of the Plea Agreement provided that:

> 8. The Defendant reserves the right to argue that the defendant's civil rights were restored after Clay County Circuit Court case number 90-CR-00051, for Cultivating Marijuana, and therefore, that this previous conviction should not be used to enhance his sentence. He does not dispute, however, that Clay County Court case 05-CR-00010, for Trafficking in a Controlled Substance 2nd Degree, is a valid conviction upon which a sentencing enhancement may be based.

---

[1] The Petitioner incorrectly asserts in his reply brief that the § 851 notice was not filed in the record of this proceeding. [*See* Record No. 45; Motion Response]

[Record No. 31; Plea Agreement]  Following rearraignment, neither Sizemore nor his attorney raised any issue regarding the restoration of Sizemore's civil rights.

Sizemore acknowledged during his March 17, 2008, plea hearing that he had reviewed the written Plea Agreement with his attorney and that he understood its terms.  [Record No. 40, pp. 11-12; Transcript of 3/17/08 hearing]  Counsel for the United States then reviewed the essential terms of the agreement and the Petitioner again acknowledged that the summary was correct [*Id.*, pp. 12-16]  Sizemore also expressed satisfaction with his attorney's performance. [Id., p. 11]

In addition to the review performed by counsel for the United States, the Court specifically reviewed the statutory penalties for the offenses alleged in Counts 1 and 4 of the indictment.  After stating that he understood the potential penalties, Sizemore specifically acknowledged that he had a prior felony drug conviction which resulted in enhanced penalties. [Id., pp. 17-18]

Regarding the waiver provision contained in paragraph 9 of the Plea Agreement, the following discussion occurred during the March 17th hearing:

> THE COURT:  Now, there is some waiver language in your plea agreement.  It's not unusual to have this language in a plea agreement, but any time it's present, of course, I need to go over it with you.  And in your particular case, the waiver language that I want to go over is contained in paragraph nine, and in that paragraph, you waive the right to appeal and the right to attack collaterally the guilty plea and conviction, including any order of restitution.
>
> And do you understand that you're waiving or giving up those rights?
>
> THE DEFENDANT:  Yes.

> THE COURT: Do you also understand that when you waive the right to collaterally attack something that means you're giving up the right to file a separate lawsuit to challenge it, sometimes called a "habeas proceeding." And you understand that; correct?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Now, unless waived, of course, you would have the right to appeal your sentence to the United States Court of Appeals for the Sixth Circuit. And, of course, you haven't waived your right to appeal your sentence.
>
> THE DEFENDANT: No, sir.
>
> THE COURT: So you still have that right. . . .

[*Id.*, pp. 22-23]

Finally, after the Court reviewed the counts of conviction, Sizemore explained his conduct supporting his guilty plea.

> THE COURT: . . . Can you tell me in your own words what it was that you did to be guilty of this charges? And let's start with Count One, which is the charge of knowingly and intentionally distributing a quantity of hydrocodone pills.
>
> THE DEFENDANT: Well, I sold a couple of – all my – 17 hydrocodone pills.
>
> THE COURT: All right. Did you know those pills contained hydrocodone that you were selling?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Did that activity occur on or about the date that's charged in the indictment?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And did it occur, either in whole or in part, in Clay County, which is in the Eastern District of Kentucky?
>
> THE DEFENDANT: Yes.

THE COURT: And you said there were 17 pills that were involved?

THE DEFENDANT: Seventeen.

THE COURT: In Count Four, and that's the count that charges that you had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, first let me ask if you have in fact been convicted of such a crime?

THE DEFENDANT: Yes.

THE COURT: And did you, on or about April 10th, possess the firearm that's listed in Count Four?

THE DEFENDANT: Yes.

THE COURT: And do you acknowledge that that gun had traveled in interstate commerce before the time that you possessed it.

THE DEFENDANT: Yes.

THE COURT: And did your possession occur, in whole or in part, in Clay County, which is in the Eastern District of Kentucky?

THE DEFENDANT: Yes.

THE COURT: And do you acknowledge that by virtue of the offense that we have just gone over in Count Four that any interest that you might have in that firearm should be forfeited to the United States pursuant to those statutes that I've just gone over with you?

THE DEFENDANT: Yes.

THE COURT: Your plea agreement also has a factual basis in it. I know you've had a chance to go over that with your attorney. You told me you don't read well.

THE DEFENDANT: Right.

THE COURT: But have you had a chance to go over that paragraph with your attorney that sets out the specific facts that you agree to?

THE DEFENDANT: Yes.

>THE COURT: And are those facts true and correct to the best of your knowledge and belief?
>
>THE DEFENDANT: Yes.
>
>THE COURT: And they're in paragraph three of your plea agreement.
>
>THE DEFENDANT: Yes.
>
>THE COURT: Is it your intention to enter a plea of guilty in this case –
>
>THE DEFENDANT: Yes.
>
>THE COURT: – to the counts we've just gone over because you are in fact guilty of those charges?
>
>THE DEFENDANT: I'm guilty.

[*Id.*, pp. 27-29]

## II.

The Petitioner's sentencing hearing was scheduled for August 4, 2008. In advance of this hearing, the United States Probation Officer assigned to this matter prepared and submitted a Presentence Investigation Report (PSR). Based upon Sizemore's prior felony convictions for controlled substance offenses, his base offense level was increased from 18 to 24 in accordance with USSG § 2K2.1(a)(2). After applying the multi-count adjustment, Sizemore's offense level was increased one level to 25. Although Sizemore's prior felony convictions also implicated the career offender provisions of USSG § 4B1.1(b), this enhancement was not applied because his adjusted offense level (25) was greater than the offense level from the career offender table (24). The Probation Officer then recommended a three-level decrease for acceptance of responsibility in accordance with USSG §§ 3E1.1(a) and (b), resulting in a Total Offense Level of 22.

Sizemore was assessed a total of 14 Criminal History points, resulting in Sizemore being placed in Criminal History Category VI for purposes of calculating his guideline range.[2] Thus, while Sizemore was deemed to be a career offender pursuant to USSG § 4B1.1, it was unnecessary to apply this guideline provision to increase his criminal history category based on his existing criminal history score. Based on these calculations, Sizemore's guideline range of imprisonment was determined to be 84 to 105 months.

Following receipt of the PSR, Sizemore filed objections and a motion to be sentenced below his guideline range in accordance with the factors contained in 18 U.S.C. § 3553. [Record Nos. 26 and 27] Sizemore's objection to the PSR focused on the fact that the Probation Officer had included drugs (Alprazolam, Bupap and Oxycodone) which were in his possession but which were not charged in the indictment. These controlled substances were identified in a chart contained in paragraph 12 of Sizemore's PSR. Although Sizemore's counsel asserted that the inclusion of these drugs as relevant conduct under USSG § 1B1.3 violated his Fifth and Fourteenth Amendment rights, he conceded that the objection did not affect his guideline calculation. According to his counsel, "the defendant still makes this objection in order to preserve it for potential further review." [Record No. 27; Defendant's Unresolved Objections to the Pre-Sentence Investigation Report][3]

---

[2] The conviction relating to cultivating marijuana (Clay Circuit Court No. 90-CR-00051) is outlined in paragraph 44 of the PSR. The information contained in the report indicates that Sizemore received a two year prison term for this conviction. He was released from custody on August 1, 1994. Due to its age, Sizemore was not assessed any criminal history points for this conviction in calculating his Criminal History Category.

[3] Sizemore's motion to be sentenced below the guideline range was based upon general family obligations, medical conditions, lack of education, prior alcohol addiction, and the Court's ability, Post-*Booker*, to vary from the guideline range. [Record No. 26; Defendant's Motion for Sentence Below the

During the sentencing hearing held on August 4, 2008, the Court provided the parties with the opportunity to further address Sizemore's objection to the PSR. The parties responded as follows:

> THE COURT: . . . . My understanding is that the objection that has been raised to the presentence report relates to the Court considering as relevant conduct the information contained in paragraph 12 of the offense conduct section, and specifically the drug quantity that's related to oxycodone in the case.
>
> Mr. Williams, would you like to be heard on that objection at this time?
>
> MR. WILLIAMS: Your Honor, I think my written motion that's been filed in the record adequately sets out the position – or our position on that. I don't believe further argument is necessary.
>
> THE COURT: All right. Thank you.
>
> Ms. May, would you like to respond?
>
> MS. MAY: Yes, Your Honor. Just that it's clearly stated in the sentencing guideline under Section 1B1.3 that relevant conduct is to include not only that conduct for which the defendant has pled guilty or was convicted, but rather should take into account the whole of what the defendant did. I don't think the defendant is objecting in any way to the facts supporting this, that he did not distribute the drugs, just rather to a legal basis for them counting. And actually, in talking to the defendant, I think he concedes that the way it stands now it is appropriately counted; just would rather preserve that in case the law were to change in the future.
>
> THE COURT: I understand that that is his position.
>
> Well, with respect to relevant conduct, it is clear that based upon the facts that are contained in the presentence report, the offense conduct section beginning at paragraph eight, that this case involves a charge of illegally distributing certain prescription medications. It further appears that the defendant did not have a prescription for the medications that are listed in paragraph 12. And those items are properly included as relevant conduct in the United States Sentencing

---

Guideline Range Pursuant to 18 U.S.C. § 3553(a)]

>  Guidelines, Section 1B1.3. And so, therefore, the Court will overrule the objection to the inclusion of that amount.

[Record No. 39, pp. 3-5; Transcript of 8/4/08 Sentencing Hearing]

After reviewing the applicable guideline calculations, Sizemore and his counsel addressed the motion for a variance below the guideline range. [*Id.*, pp. 7-9] After restating the matters contained in the written motion, Sizemore's attorney suggested that a sentence within the range of 70 to 84 months incarceration would be sufficient, but not greater than necessary, to meet the statutory objectives of 18 U.S.C. § 3553. [*Id.*, p. 9] Conversely, in light of the Petitioner's lengthy criminal history and other relevant statutory factors, counsel for the United States requested that the Court impose a term of imprisonment at the top of the Petitioner's guideline range (*i.e.*, 105 months). [*Id.*, pp. 10-11] The Court declined the suggestions of both parties. Instead, Sizemore was sentenced to a term of imprisonment of 96 months, to be followed by a term of supervised release of four years. At the request of Sizemore's counsel, the Court also recommended that the Petitioner participate in a drug treatment program during incarceration and that he be placed at the facility closest to his home.[4] [*Id.*, pp. 11-15] Finally, in explaining the reasons for the sentence imposed, the Court advised the Petitioner that even if his objection to the PSR had been sustained, he would have been sentenced to a term of imprisonment of 96 months. [*Id.*, p. 14]

---

[4] In explaining the reason for the sentence imposed, the Court addressed and considered the guideline range as well as a number of relevant § 3553 factors including: the seriousness of the drug offense, the Petitioner's criminal history, the nature of the Petitioner's prior convictions and their connection to the Petitioner's prior alcohol addiction, family circumstances and the fact that the Petitioner's drug distribution activities were occurring from his home, the Petitioner's prior drug treatment, and the Petitioner's expressions of remorse for his criminal conduct. [*Id.*, pp. 11-13]

Although Sizemore did not object to the reasons given for the sentence imposed, his counsel specifically preserved his right to challenge the Court's ruling regarding the inclusion of relevant conduct in calculating his USSG base offense level.

> THE COURT: . . . let me ask the attorneys if there is any objection to any of these proceedings under *United States v. Bostic* or to the sentence imposed in the case?
>
> MS. MAY: No, Your Honor.
>
> THE COURT: Mr. Williams?
>
> MR. WILLIAMS: Only to the extent, Your Honor, that our motions were overruled preserving Mr. Sizemore's right to appeal under the plea agreement.
>
> THE COURT: Yes, sir, certainly. Those objections are noted for the record.

[*Id.*, p. 17]

Thus, as the history of this case clearly indicates, at the conclusion of the sentencing hearing, Sizemore had retained the right to appeal his sentence and had specifically reserved the right to challenge through a direct appeal the Court determination to include other controlled substances as relevant conduct in calculating his guideline range. However, notwithstanding the outcome of his objections to the guideline calculations, the Petitioner was aware that the Court would have sentenced him to 96 months of imprisonment for the reasons given during the sentencing hearing.

### III.

The judgment was entered in this case on August 5, 2008, in accordance with the Court's sentencing determinations. [Record No. 32] However, Sizemore did not appeal the sentence imposed by the Court or the Court's ruling regarding his objections to the guideline calculations.

Instead, Sizemore waited nearly one year to file his *pro se* motion to vacate, set aside, or correct his sentence. [Record No. 33] Sizemore's motion does not challenge the Court's ruling regarding the objection raised to his PSR at the time of his sentencing hearing. Instead, he seeks to challenge for the first time the assignment of criminal history points for several convictions identified in his PSR.[5] He also contends that his attorney's failure to object to the assignment of criminal history points for these convictions constitutes ineffective assistance of counsel.

In its response, the United States argues that, because Sizemore did not file a direct appeal, his current argument regarding his criminal history calculation has been waived. Next, it contends that the Petitioner has failed to demonstrate that his attorney was ineffective. [Record No. 41; Response of United States in Opposition to Sizemore's Motion to Vacate Sentence] Having reviewed the parties' respective arguments, the Court agrees with the United States.

   A.   *Because Sizemore Was Properly Classified as a Career Offender, His Attempt to Challenge Criminal History Points Assessed For Four Convictions Is Of No Consequence.*

The PSR assigns a total of 7 criminal history points for four convictions occurring in 1992, 1997, 1998, and 2005. More specifically, the relevant paragraphs of the PSR provide as follows:

---

[5] According to Sizemore, if criminal history points are not assessed for the convictions he challenges, he would have only seven criminal history points (Criminal History Category IV) and his guideline range would be reduced to 63 to 78 months. As discussed more fully below, this argument ignores two important facts. First, because Sizemore is a career offender under the sentencing guidelines, his Criminal History Category is VI regardless of the number of criminal history points finally assessed. *See* USSG § 4B1.1. Second, the undersigned clearly and unambiguously advised the Petitioner during his sentencing hearing that the sentence the Court would impose under the relevant factors from 18 U.S.C. § 3553 would be 96 months. In the present case, while the sentencing guidelines provided a starting point for the Court's ultimate determination, a lower guideline range would have been overridden by other relevant statutory factors.

-11-

|     | Date of Arrest/ Arraign | Conviction/Court | Date Sentence Imposed/ Disposition | Guideline | Pnt |
|-----|-------------------------|------------------|-------------------------------------|-----------|-----|
| 43. | 5/17/90 (Age 28) | Assault Under Extreme Emotional Disturbance Clay County Circuit Court Manchester, KY 90-CR-050 | 2/14/92 2 years prison  8/1/94 Released from custody | 4A1.1(a) | 3 |

The defendant was represented by counsel. On May 12, 1990, Cecil Sizemore shot James A. Hibbard one time in the back with a .32 caliber pistol as he ran away from Mr. Sizemore. On February 14, 1992, Mr. Sizemore was sentenced to two years prison, concurrently to the sentence of the Clay County Circuit Court 90-CR-051. According to the Kentucky Department of Corrections, the defendant began serving his sentence on January 6, 1994, and was given credit for 246 days served. He was discharged from custody without parole on August 1, 1994.

|     | Date of Arrest/ Arraign | Conviction/Court | Date Sentence Imposed/ Disposition | Guideline | Pnt |
|-----|-------------------------|------------------|-------------------------------------|-----------|-----|
| 47. | 05/27/97 (Age 35) | Ct. 1, Public Intoxication Controlled Substance Ct. 2. Use/Possess Drug Paraphernalia, 1st Offense Ct. 3. Possession of Marijuana Clay County District Court Manchester, KY 97-F-00447 | 05/27/97 Ct. 1. $25 fine, $76.50 costs Ct. 2. $25 fine Ct. 3. $50 fine | 4A1.1(c) | 1 |

Court records were silent regarding the issue of attorney representation. On May 27, 1997, Mr. Sizemore was arrested by officers from the Clay County Sheriff's Department for the above listed charges. He was assessed fines, and the case was closed.

|     | Date of Arrest/ Arraign | Conviction/Court | Date Sentence Imposed/ Disposition | Guideline | Pnt |
|-----|---|---|---|---|---|
| 48. | 09/28/98 (Age 37) | Non-Support, 1st Offense Clay County District Court Manchester, KY 98-F-00447 | 10/26/98 6 months jail, 6 mo. conditionally discharged, 2 yrs. unsupervised prob. | 4A1.1(c) | 1 |

Court records were silent regarding the issue of attorney representation. This case involves child support arrears of $7,687.93. On October 26, 1998, the defendant was sentenced to six months jail, which was conditionally discharged in lieu of two years unsupervised probation. According to court documents, this child support matter continued into 2002, when the case was dismissed as Mr. Sizemore entered into a plea agreement. The defendant was originally charged with Flagrant Non-Support.

|     | Date of Arrest/ Arraign | Conviction/Court | Date Sentence Imposed/ Disposition | Guideline | Pnt |
|-----|---|---|---|---|---|
| 57. | 01/03/05 (Age 43) | Receiving Stolen Property Under $300 Clay County Circuit Court Manchester, KY 05-CR-064-002 | 11/06/02 12 months jail - conditionally discharged, 2 years supervised prob., 8 days credit time, $150.50 court costs<br><br>04/17/07 Probation Violation 12 months jail, 14 days jail credit | 4A1.1(b0 | 2 |

Court records were silent on the issue of attorney representation. On January 3, 2005, the defendant, along with co-defendant Tony Dezarn, stole a Playstation 2, video games, a weekeater, an chain saw, tools, a compact disc player, and a CB radio from victim Don Jarvis. On November 6, 2002, the defendant was sentenced to 12 months jail, which was conditionally discharged in lieu of two years supervised probation. The charge of Theft by Unlawfully Taking Over $300 was amended down. Courts of Burglary 2nd Degree, and Burglary, 3rd Degree, were dismissed. Mr. Sizemore violated his probation after being found to have controlled substances in his possession. On April 17, 2007, the

-13-

probation term was revoked, and the defendant was sentenced to 12 months jail. The jail term ended on April 3, 2008.

[See PSR, ¶¶ 43, 47, 48 and 57]

Sizemore claims that these convictions should not have been included in calculating his criminal history score because he was not represented by counsel. Further, he asserts that he did not stipulate to the use of these convictions through his written Plea Agreement and that these convictions are outside the scope of the waiver provision contained in the Plea Agreement. He also argues that, because a sentence in the middle of his guideline range of 84 to 105 months was imposed, if seven criminal history points are removed from his guideline calculation, he should be re-sentenced in the middle of a newly-calculated guideline range of 63 to 78 months.[6]

Sizemore's arguments are unavailing because, notwithstanding the points assessed for the above-referenced convictions, he would have been placed in Criminal History Category VI by virtue of his status as a career offender. Under USSG 4B1.1, a defendant is classified as a career offender *and is placed in Criminal History Category VI* if: (1) he was at least eighteen years old at the time he committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) he has at least two prior felony convictions of either a crime of violence or a controlled substance offense. Here, all of the elements are satisfied. The first two elements are not disputed. Further, Sizemore has qualifying convictions consisting of (a) cultivating marijuana, and (b) 2nd degree

---

[6] Sizemore's ineffective assistance of counsel claim is derivative of his claim that he should not have been assessed seven criminal history points. Therefore, if his first claim regarding the assessment of criminal history points fails, he cannot proceed with a claim for ineffective assistance for the alleged failure to object to the criminal history calculation.

trafficking in a controlled substance. These convictions are summarized in paragraphs 44 and 59 of his PSR. They were not challenged at the time of the Petitioner's sentencing or on direct appeal following his conviction. Likewise, these convictions are not disputed in through the current motion.

> B. *Sizemore Has Waived Any Challenge To His Criminal History Calculation By Failing To Raise The Current Argument On A Direct Appeal.*

The United States is also correct in contending that Sizemore may not challenge his prior convictions in this collateral proceeding because he did not contest the inclusion of the convictions through a direct appeal. As noted above, Sizemore did not waive the right to appeal his sentence. Had he filed an appeal, he could have sought to raise this issue on appeal if it had been properly preserved. However, by not doing so, the issue has been waived in this proceeding. *United States v. Brika*, 487 F.3d 450 (6th Cir. 2007); *United States v. McKinley*, 227 F.3d 716, 718 (6th Cir. 2000). And as the United States correctly points out, a habeas proceeding is not a substitute for a direct appeal. *Grant v. United States*, 72 F.3d 503, 505 (6th Cir. 1996). Further, because the issue the Petitioner seeks to raise would not affect the ultimate guideline range of imprisonment or the sentence ultimately imposed, it cannot be argued that the alleged error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.*[7]

---

[7] The Petitioner has not asserted a claim of actual innocence. Instead, he is merely seeking to be re-sentenced within an arguably lower sentencing guideline range. Thus, he cannot establish either "cause and actual prejudice" or actual innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982); *Ludwig v. United States*, 162 F.3d 456, 458 (6th Cir. 1998).

The affidavit of counsel attached to the United States' response to the Petitioner's motion also demonstrates that there is no basis for the claim of ineffective assistance. This affidavit establishes that Sizemore's counsel was not deficient under the standard set out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The affidavit refutes Sizemore's claim that several criminal history points should not have been included in his criminal history score. Likewise, because Sizemore was a career offender, he cannot claim that he was prejudiced by his attorney's failure to challenge the assessment of criminal history points for the convictions outlined in paragraphs 43, 47 48 and 57 of his PSR. Finally, having independently reviewed the challenged convictions, the Court concludes that the Probation Officer's assessment of criminal history points was not erroneous.

## IV.

As explained herein, Petitioner Sizemore was properly classified in his Presentence Investigation Report as a Career Offender based on his prior drug convictions. Further, the United States gave notice to Sizemore that it would rely on these convictions in seeking an enhancement of his sentence if a conviction occurred. At all times, Sizemore was aware of the potential penalties if convicted. Further, he retained the right to appeal his sentence but failed to do so. Thus, Sizemore has procedurally defaulted any challenge to his sentencing guideline calculation based on any claim that criminal history points were improperly assessed. However, even if he had not waived this argument, he could not demonstrate that his attorney was ineffective for failing to raise the issue previously.

Finally, because the claims asserted in Sizemore's motion pursuant to § 2255 are clearly procedurally defaulted, he has failed to demonstrate a substantial factual conflict warranting an evidentiary hearing or a substantial showing of the denial of a constitutional right entitling him to a Certificate of Appealability.  Accordingly, it is hereby

**ORDERED** as follows:

1.  Petitioner Cecil Sizemore's motion to vacate, set aside, or correct his sentence [Record No. 33] is **DENIED**.

2.  The action filed pursuant to 28 U.S.C. § 2255 is **DISMISSED** and **STRICKEN** from the Court's docket.

3.  A Certificate of Appealability shall not issue because Petitioner Sizemore has not made a substantial showing of the denial of any substantive constitutional right.

This 16th day of February, 2010.



Signed By:
*Danny C. Reeves* DCR
United States District Judge